UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

CHLORIES P. SHORE,
                    *Plaintiff-Appellant,*

            v.

DONALD MARTIN, individually;
WINSTON-SALEM/FORSYTH COUNTY
BOARD OF EDUCATION,
                    *Defendants-Appellees.*

No. 00-2313

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-99-543-1)

Submitted: May 29, 2001

Decided: June 21, 2001

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Meleisa C. Rush-Lane, LANE & LANE, P.A., Raleigh, North Carolina, for Appellant. Jill R. Wilson, Elizabeth V. LaFollette, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Chlories P. Shore seeks to appeal the district court's order granting the Defendants' motion for summary judgment. Shore sued her former employer, the Winston-Salem/Forsyth County Board of Education ("the Board"), and Donald Martin, the Superintendent of the Board of Education, alleging the Defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 to 12213 (West 1995 & Supp. 2000) ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000), and 42 U.S.C.A. § 1983 (West Supp. 2000).*

After conducting a de novo review and granting all factual inferences in favor of the nonmovant, we affirm the district court's order granting the Defendants' motion for summary judgment. Fed. R. Civ. P. 56(c); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Shore raises two issues. First, Shore asserts the district court erred in considering the affidavits of David A. Fairall, the Director of Personnel for the Winston-Salem/Forsyth County Schools, and Superintendent Donald Martin. This claim is without merit. Shore's testimony reveals these individuals had personal knowledge of the events about which they testified. Fed. R. Civ. P. 56(e).

Second, Shore asserts the district court used the wrong legal standard in evaluating her ADA and Title VII claims. This claim is without merit. The record reveals that Shore did not present facts to establish a prima facie case under the ADA or Title VII. Shore does

---

*On appeal, Shore does not reiterate her 42 U.S.C.A. § 1983 (West Supp. 2000) claim.

not establish she was disabled. 42 U.S.C. § 12102(2); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491-92 (1999); *Myers v. Hose*, 50 F.3d 278, 281-82 (4th Cir. 1995). Shore does not establish that she experienced an adverse employment action. *Boone v. Goldin*, 178 F.3d 253, 256-57 (4th Cir. 1999); *Munday v. Waste Management of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997). Finally, Shore does not establish a claim of discrimination because she fails to show the Defendants used her relative lack of qualifications as a pretext for declining to hire her as a permanent grant writer and instead offered her a permanent position as an assistant principal. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir. 1996).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*